UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY M. DE VRIES,<br>  Petitioner,<br>v.<br>RAYTHEL FISCHER,<br>  Respondent. | Case No. 18-cv-03801-RS (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Respondent shall file a response to the petition on or before **November 26, 2018**, unless an extension is granted.

## BACKGROUND

In 2013, a Santa Clara County Superior Court jury convicted petitioner of ten counts of forcible lewd or lascivious acts on a child and three counts of aggravated sexual assault on a child. A sentence of 105 years to life was imposed. Petitioner appealed.

The appellate court found that six of the ten counts of forcible lewd acts were not supported by sufficient evidence, and remanded the case for resentencing on the remaining

1  counts. On remand, a sentence of 69 years to life was imposed. Petitioner's appeal of his
2  new sentence was unsuccessful.

Petitioner sought but was denied relief on state collateral review. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) the prosecutor committed misconduct in the ways stated in the petition; and (2) defense counsel rendered ineffective assistance in the ways stated in the petition. When liberally construed, these two claims are cognizable on federal habeas review.

With the petition, petitioner included much documentation regarding another six claims he raised on direct appeal in state court. It appears he supplied this information to provide a thorough record of the case and did not intend to include those six claims as part of his current federal habeas petition. If petitioner meant to include those six claims in his current petition, he must inform the Court of this within 30 days of the date of this order. If he files no response by the deadline, the Court will assume he means to pursue only Claims 1 and 2, which were found cognizable above.

ORDER TO SHOW CAUSE
CASE NO. 18-cv-03801-RS

2

**MOTION FOR THE APPOINTMENT OF COUNSEL**

Petitioner's motion for the appointment of counsel is DENIED. (Dkt. No. 3.) There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).

Petitioner has not shown that there are exceptional circumstances warranting the appointment of counsel. His filings are clear and reasoned, and the suit does not present complex legal or factual issues.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition (Dkt. No. 1) and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **November 26, 2018**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **November 26, 2018**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 1.)

9. Petitioner's motion for the appointment of counsel is DENIED. (Dkt. No. 3.)

10. The Clerk shall terminate Dkt. No. 3.

**IT IS SO ORDERED.**

**Dated:** September 13, 2018

_____
RICHARD SEEBORG
United States District Judge

ORDER TO SHOW CAUSE
CASE NO. 18-cv-03801-RS

4